IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**BROWN DEER UNITED METHODIST CHURCH**
**and CHURCH MUTUAL INSURANCE COMPANY**
as subrogee of Brown Deer United Methodist Church,

    Plaintiffs,

vs.

**GREE USA, INC., and MJC AMERICA, LTD.,**

    Defendants.

-------------------------------------------------------------/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW COME Plaintiffs, BROWN DEER UNITED METHODIST CHURCH and CHURCH MUTUAL INSURANCE COMPANY as subrogee of Brown Deer United Methodist Church, by and through their attorneys, and for their Complaint against Defendants GREE USA, INC. and MJC AMERICA, LTD., allege:

## PARTIES

1. Plaintiff Brown Deer United Methodist Church (hereafter "Brown Deer UMC") is a local church associated with The United Methodist Church with its principal place of worship located at 5736 W. Brown Deer Road, Brown Deer, Wisconsin (hereafter "the Premises").

2. Plaintiff, Church Mutual Insurance Company (hereinafter "Church Mutual"), is an insurance company incorporated in the State of Wisconsin with its principal place of business located in Merrill, Wisconsin, and at all times material hereto was duly authorized to issue policies of property insurance in the State of Wisconsin.

3. At all times relevant, Church Mutual provided property insurance coverage (hereafter "the Policy") to Brown Deer UMC including the Premises.

4. Defendant Gree USA, Inc. ("Gree") is, upon information and belief, a California corporation with a principal place of business at 4195 Chino Hills Parkway #1026, Chino Hills, California 91709. At all times relevant hereto, Gree was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying home appliances, including dehumidifiers in and throughout the United States, including the State of Wisconsin.

5. Defendant, MJC America, Ltd. ("MJC") is a California corporation with a principal place of business located at 20035 East Walnut Drive North, City of Industry, California, 91789. At all times relevant hereto, MJC was engaged in the business of designing, manufacturing, distributing, selling, and/or supplying dehumidifiers in and throughout the United States, including the State of Wisconsin.

## JURISDICTION AND VENUE

6. Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1332 because the parties are all citizens of different states and the amount in controversy exceeds $75,000.00.

7. The Eastern District of Wisconsin is the appropriate venue for this action pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claim occurred in Milwaukee County, Wisconsin, within the jurisdiction of this Court.

## COMMON ALLEGATIONS

8. Prior to May 16, 2020, Brown Deer UMC purchased and owned a "Soleus Air by Gree" dehumidifier designed, manufactured, marketed, distributed, and/or sold by Defendants Gree and MJC ("the Dehumidifier").

9. Defendants designed, manufactured, marketed, sold, and placed into the stream of commerce the Dehumidifier.

10. Brown Deer UMC used the Dehumidifier in a manner and for the purpose intended by Defendants: to, among other things, reduce humidity levels in one of the buildings on the Premises.

2

11. At all times relevant, the Dehumidifier was in substantially the same condition as it was when Defendants placed it in the stream of commerce.

12. On or about September 12, 2013, the Consumer Product Safety Commission issued a recall of the Dehumidifier.

13. The Dehumidifier was recalled because the "dehumidifiers can overheat, smoke, and catch fire, posing fire and burn hazards to consumers." (*See Consumer Products Safety Commission Recall No. 13-283, issued September 12, 2013, attached as Exhibit A*).

14. On or about May 16, 2020, the Dehumidifier suddenly and catastrophically caught fire in the lower level of one of the buildings on the Premises (the "Fire").

15. The Fire caused fire, smoke, and water damage to Brown Deer UMC's real and personal property as well as emergency expenses and business interruption.

16. Brown Deer UMC thereafter presented a claim to Church Mutual pursuant to the Policy for its losses arising from the Fire.

17. Pursuant to its obligations under the Policy, Church Mutual has made payments to date to Brown Deer UMC in an amount in excess of $225,000.00.

18. By virtue of, and to the extent of, its payments made and to be made to Brown Deer UMC, Church Mutual is legally, equitably, and contractually subrogated to Brown Deer UMC's claims against any responsible third parties, including claims against Defendants.

## COUNT I
## PRODUCT LIABILITY V. DEFENDANTS

19. Plaintiffs incorporate the allegations made in paragraphs 1-18 as if set forth at length herein.

20. Defendants designed, manufactured, marketed, distributed, sold, and/or placed the Dehumidifier into the stream of commerce.

21. The Dehumidifier was defective and unreasonably dangerous at the time it left Defendants' control in one or more of the following ways:

    a. It was defective in design in that it was designed and assembled in a manner that allowed for runaway heating;

    b. It was defective in design in that the configuration of its conductors and internal electrical connections could lead to the generation of excess heat with temperatures sufficient to ignite combustible materials;

    c. It was defective in design in that the plastics used and incorporated into its manufacture were susceptible to ignition by heat produced by the operation of the Dehumidifier;

    d. It was defective in its manufacture in that the plastics used and incorporated into its manufacture deviated from those Gree intended to use and were susceptible to ignition;

    e. It was defective because of inadequate instructions and inadequate warnings in that the risk of fire could have been reduced or avoided with appropriate and adequate warnings and instructions;

    f. It was defective due to inadequate warnings in that no warnings were given to consumers relating to the possibility of fire with respect to its design and manufacture as stated in paragraphs (a) and (b) above;

    g. It was defective in that it failed to contain an effective thermally-operated power disruption device to protect against thermal runaway.

22. The Dehumidifier, by virtue of the above defects, was in an unreasonably dangerous condition at the time it left the control of Defendants in that it could overheat, smoke and catch fire, posing fire and burn hazards to consumers and to property.

23. The Dehumidifier reached Brown Deer UMC without substantial change in the condition in which it was sold.

24. The above defective and unreasonably dangerous conditions directly and proximately caused the Fire and Plaintiffs' damages.

WHEREFORE, Plaintiffs Brown Deer United Methodist Church and Church Mutual Insurance Company as subrogee of Brown Deer United Methodist Church demand judgment in their favor and against Defendants Gree USA, Inc. and MJC America, Ltd., individually and jointly, for monetary damages in an amount that is fair and reasonable to compensate for Plaintiffs' losses and such other and further relief as the Court deems just and proper.

## COUNT II
## NEGLIGENCE V. DEFENDANTS

25. Plaintiffs incorporate the allegations made in paragraphs 1-18 as if set forth at length herein.

26. At all relevant times, Defendants owed Plaintiffs a duty to use reasonable care in the design, manufacture, assembly, and sale of the Dehumidifier, so that it was safe and free of defects and so that Plaintiffs' property was not at risk of fire.

27. Defendants breached one or more of the aforementioned duties in one or more of the following ways:

    a. Designing the Dehumidifier such that it was at risk of runaway heating and resulting fire;

    b. Designing the Dehumidifier such that its components were susceptible to overheating and fire;

    c. Designing the Dehumidifier such that it contained combustible and dangerous plastics;

    d. Manufacturing the Dehumidifier such that it was made with combustible and dangerous plastics;

    e. Failing to issue warnings that the Dehumidifier was susceptible to overheating and fire;

    f. Failing to issue adequate warnings to consumers that the Dehumidifier was dangerous and that consumers should immediately discontinue its use;

    g. Failing to incorporate effective safety devices in the design and manufacture of the Dehumidifier to protect against thermal runaway;

h.  Acted in an otherwise negligent manner with respect to the Dehumidifier's design, manufacture, and sale.

28. The negligent conduct of Defendants directly and proximately caused the Fire and Plaintiffs' damages for which Defendants are liable to Plaintiffs.

WHEREFORE, Plaintiffs Brown Deer United Methodist Church and Church Mutual Insurance Company as subrogee of Brown Deer United Methodist Church demand judgment in their favor and against Defendants Gree USA, Inc. and MJC America, Ltd., individually and jointly, for monetary damages in an amount that is fair and reasonable to compensate for Plaintiffs' losses and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand the empaneling of a lawful jury to hear this case and have tendered the requisite fee.

Dated: July 11, 2022

Brown Deer United Methodist Church and Church Mutual Insurance Company as subrogee of Brown Deer United Methodist Church

By: */s/ Kevin P. Caraher*
Kevin P. Caraher
*Attorneys for Plaintiffs*

**MAILING ADDRESS**:
Kevin P. Caraher (WI Bar 1084833)
COZEN O'CONNOR
123 N. Wacker Drive
Suite 1800
Chicago, Illinois 60606
Phone: 312-382-3100
Fax: 312-706-9786
kcaraher@cozen.com